## J. Young Scammon

v.

## The Commercial Union Assurance Company.

*Insurance—Mistake of Law—Estoppel—Practice.*

In an action involving the right of the plaintiff to recover on a policy of fire insurance, the Supreme Court having reversed the judgment on the ground that this court had failed to certify whether a subsequent policy was issued in lieu of the policy in question, it is *held:* That said subsequent policy was not so issued; that the defendant issued said policy and paid the loss thereunder to a third person claiming under a fraudulent sale under a mistake of law; and that a decree settling the rights of the plaintiff and such third person, furnishes no element of estoppel that can be invoked by the defendant in this action.

[Opinion filed July 3, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. CHARLES F. WHITE and MARTIN L. WHEELER, for appellant.

Messrs. MILLER, LEWIS & JUDSON, for appellee.

MORAN, P. J.    This case was heard by this court at the October term, 1886, and an opinion filed covering all the questions in the case to which the attention of the court was at that time called, which opinion is reported in 20 Ill. App. 500.    After the opinion was filed the remanding order was stricken out, and a finding of facts was made, and final judgment was entered in favor of said Scammon in this court, in order that the questions of law involved might be passed on by the Supreme Court.    The case was taken to the Supreme Court by appeal and the judgment of this court was at first affirmed, but on a re-hearing the judgment was reversed, on the ground that this court had failed to certify the facts as to one of the issues contested on the trial in the Circuit Court.

That issue as stated by the Supreme Court is as follows: "Whether a policy of insurance upon the same property and for the same amount, issued by the defendant to one Babcock, subsequent to the issuing of the policy upon which this suit is brought, and the loss upon which was fully paid before this suit was brought, was issued in lieu of the policy upon which this suit is brought, with the consent of Scammon."    We have carefully examined the record upon the question thus presented and considered the suggestion of counsel thereon, and while we find it true that a policy of insurance was issued upon the same property and for the same amount to one Babcock subsequent to the issuing of the policy on which this suit is brought, and that the loss thereon was paid before this suit was brought, yet said policy was not issued in lieu of, or as a substitute for the one on which this suit is brought.    Scammon was never consulted, and never consented that a policy should be issued to any person for his benefit or otherwise, to stand in lieu of or to be substituted for the policy on which he is now claiming.

The company issued the policy and paid the loss thereunder to Babcock, acting on a legal opinion, in which Babcock and the agent of the company concurred, that Babcock had title to the property, and that Scammon had by the sale under

the mortgage lost all title and interest therein, and the policy of insurance which Scammon held was therefore not enforcible against the company. Scammon never assented to this view, but at all times asserted to the company his ownership of the property, and his claim to the insurance on his policy. The company paid the Babcock policy with full knowledge of the facts, and the only mistake it fell into was one of law.

It is true the chancery court mulcted Babcock in the amount of insurance which he had obtained while clothed, by reason of the fraudulent sale, with the apparent title, but we fail to perceive in that circumstance a ground of defense to this suit. Such fact furnishes no element of estoppel that can be invoked by the insurance company as against Scammon in this action. The terms which the chancery court saw fit to impose on Babcock, can furnish no ground either of defense or recovery in this action of law.

We stand upon the opinion heretofore filed and above referred to on the other questions in the case, and are of the opinion that there is nothing in this additional point which should defeat Scammon's claim on the policy in suit.

The judgment of the Circuit Court will therefore be reversed and a judgment will be entered in this court for the amount due upon said policy.

*Judgment reversed.*